IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ULRIKE JORGENSEN, | * |
| | * |
| Plaintiff, | * |
| | * |
| VS. | * |
| | *   CASE NO: CV-09-377 |
| EXPERIAN INFORMATION | * |
| SOLUTIONS, INC.; TRANS UNION, LLC; | * |
| EQUIFAX INFORMATION SERVICES, | *   JURY TRIAL DEMANDED |
| LLC; JPMORGAN CHASE & CO., | * |
| | * |
| Defendants. | * |

## COMPLAINT

**COMES NOW**, the Plaintiff, ULRIKE JORGENSEN, by and through the undersigned attorney and states the complaint as follows:

### PRELIMINARY STATEMENT

1. This case arises from the inaccurate reporting of a credit card account issued by JPMorgan Chase & Co. Through the wrongful actions of the Defendants named in this matter, an account which had derogatory and inaccurate information was reported as part of Plaintiff's credit file that was maintained by the major credit bureaus. Once this inaccurate information was discovered by Plaintiff, she took steps available under the federal law to attempt to remove the inaccurate information from her credit files. However, despite her providing information to the credit reporting agencies and the furnisher of the credit card information which conclusively demonstrated that the information reporting on the account was inaccurate, no steps were taken by JPMorgan Chase & Co., or the credit bureaus Equifax, Experian, and Trans Union to adjust the inaccurate reporting of the account on Plaintiff's credit file. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") against Chase and the defendant credit reporting agencies for failing to properly investigate Plaintiff's dispute and failing to delete the inaccurate data reporting on Plaintiff's credit file. Plaintiff also asserts claims under state law against the Defendants for negligence and defamation due to the inaccurate reporting of Plaintiff's account.

### THE PARTIES

2. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees

3. Plaintiff is a natural person and consumer and a resident of Mobile County, Alabama. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4. Defendant Experian Information Services ("EXPERIAN") is a corporation incorporated under the laws of Ohio. It has its principal place of business in California.

5. EXPERIAN is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6. Defendant Equifax Information Services LLC ("EQUIFAX") is a corporation incorporated under the laws of Delaware. It has its principal place of business in Atlanta, Georgia.

7. EQUIFAX is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

8. Defendant Trans Union, LLC ("TRANS UNION") is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois.

9. TRANS UNION is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

10. Defendant JPMorgan Chase & Co., ("CHASE") is a corporation incorporated under the laws of Delaware. It has its principal place of business in Delaware

11. Defendant CHASE is a furnisher of credit as defined under the FCRA.

## JURISDICTION

12. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection FCRA of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

13. In 2008, Plaintiff received a phone call and correspondence from CHASE regarding an outstanding credit card account for over $28,000.00 that was opened in the early 1990's.

14. The Plaintiff informed CHASE that she never opened an account with them and even hired an attorney to correspond with CHASE to determine what exactly had occurred.

15. The Plaintiff disputed numerous times with CHASE regarding the inaccurate information being reported about her.

16. CHASE informed her that she was a co-signer on the account and that a Carl Wagner had opened the account in the early 1990's.

17. All charges made on the account were charged by Carl Wagner, who lived in Missouri.

18. Carl Wagner is an uncle of the Plaintiff and she was unaware that her information was used to open up a credit card with CHASE back in the early 1990's. Plaintiff immediately filed a police report and continued her disputes with CHASE to learn why an account was opened up in her name and why there were charges of over $28,000.00 in said account, but she received no assistance and her concerns fell on deaf ears.

19. In fact, after months of unsuccessful attempts with the Defendant to have this account removed, Plaintiff ordered her consumer reports in 2009 from TRANS UNION, EQUIFAX and EXPERIAN and after examining the same, Plaintiff learned that all three credit reporting agencies were reporting false information about her.

20. Plaintiff discovered the CHASE account was not only late, but reporting an outstanding balance of over $28,000.00 and was last paid in 2008.

21. Plaintiff proceeded to contact TRANS UNION, EQUIFAX and EXPERIAN and disputed the reporting of the false account with each of the credit reporting agencies. Plaintiff submitted to each of the Defendants documents conclusively demonstrating that the reporting of the false account was inaccurate and requested her credit report be updated immediately to reflect that the account was not hers and to remove it from her credit file.

22. Defendants received the dispute letters from the Plaintiff, as each one was sent by certified mail.

23. On information and belief, TRANS UNION, EQUIFAX and EXPERIAN contacted the creditor CHASE about the inaccurate information being reported on her credit report pursuant to the regulations and procedures provided for under the FCRA.

24. In the disputes, Plaintiff clearly explained that the debt was not hers and clearly stated that the account was opened up fraudulently and a police report had been filed.

25. Plaintiff finally received the reinvestigation results from TRANS UNION, EXPERIAN and EQUIFAX, verifying the account and continuing to report the derogatory and inaccurate information.

26. EQUIFAX, TRANS UNION and EXPERIAN failed to perform proper investigations as the account was not deleted or corrected as requested by the Plaintiff.

27. The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the account was not hers and reporting inaccurately.

28. The Plaintiff has had credit denials since disputing the inaccurate account with the credit reporting agencies, including several decreases in her credit card limits and closing of credit accounts.

29. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

30. Defendants have failed to conduct an adequate investigation with respect to the disputed information; failed to review all information provided by the consumer; were careless and negligent in the manner in which they carried out any investigation; and intentionally reported inaccurate information in an effort to force or coerce plaintiff into paying a debt that was not hers.

## COUNT ONE
*Failure of Equifax, Trans Union, and Experian*
*to Comply with §1681e(b) of the FCRA*

31. This is a count against EQUIFAX, TRANS UNION, and EXPERIAN for violations of the FCRA and state law.

32. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

33. EQUIFAX, TRANS UNION, and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiffs, as defined in the FCRA.

34. EQUIFAX, TRANS UNION, and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiffs' consumer report(s) and disseminated.

35. EQUIFAX, TRANS UNION, and EXPERIAN through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

36. EQUIFAX, TRANS UNION, and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

37. In fact EQUIFAX, TRANS UNION, and EXPERIAN knew from its own records that the Plaintiff had filed a police report and disputed the account information.

38. EQUIFAX, TRANS UNION, and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

39. EQUIFAX, TRANS UNION, and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

40. Upon information and belief, EQUIFAX, TRANS UNION, and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

41. Upon information and belief, EQUIFAX, TRANS UNION, and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

42. EQUIFAX, TRANS UNION, and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

43. In addition to actual or compensatory damages for its negligent conduct, EQUIFAX, TRANS UNION, and EXPERIAN are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

### COUNT TWO
*Failure of JPMorgan Chase & Co.*
*with § 1681s-2(b) of the FCRA*

44. This is a count against Defendant CHASE for its failure to comply with § 1681s-2(b) of the FCRA.

45. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

46. After receiving notice of the dispute from Plaintiff, Defendant CHASE:

    a.    Failed to conduct an adequate investigation with regard to the disputed information;

    b.    Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

    c.    Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees. punitive damages; such other relief as the Court deems proper.

## COUNT THREE
### *Failure to Comply with State Laws and FCRA §1681i*

47. This is a count against Defendants EQUIFAX, TRANS UNION, and EXPERIAN for violations of the FCRA and state law.

48. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

49. Defendants EQUIFAX, TRANS UNION, and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiff, as defined in the FCRA.

50. EQUIFAX, TRANS UNION, and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

51. EQUIFAX, TRANS UNION, and EXPERIAN failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

52. EQUIFAX, TRANS UNION, and EXPERIAN failed and refused to send to Defendant CHASE all of the information regarding the disputed account that was supplied to them by the Plaintiff.

53. EQUIFAX, TRANS UNION, and EXPERIAN failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

54. EQUIFAX, TRANS UNION, and EXPERIAN, through their actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

55. EQUIFAX, TRANS UNION, and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

56. EQUIFAX, TRANS UNION, and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiffs' consumer reports.

57. EQUIFAX, TRANS UNION, and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

58. Upon information and belief, Defendants EQUIFAX, TRANS UNION, and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

59. EQUIFAX, TRANS UNION, and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

60. EQUIFAX, TRANS UNION, and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

61. In addition to actual or compensatory damages for its negligent conduct, Defendants EQUIFAX, TRANS UNION, and EXPERIAN are liable unto the Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
### *Defamation*

62. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

63. Between at least 2008 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that the Plaintiff was delinquent in paying on her account.

64.	Defendants published this information both orally and in writing.

65.	Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified Defendants that the account was not hers and should not have been removed from her credit report.

66.	Plaintiff continued to notify Defendants by letters and telephone and/or through its collection agencies that the charges and account was not hers and not authorized by her.

67.	The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

68.	Despite Plaintiff's notices, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not hers. Moreover, Defendant CHASE acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed account information was that of the Plaintiff. Defendants' acts constitute express or actual malice.

69.	As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FIVE
*Negligence and Wantonness against CHASE*

70.	Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

71.	This is a count against Defendant CHASE for negligence and wantonness under Alabama law.

72.	At all times relevant hereto CHASE owed a duty of reasonable care to the Plaintiff, persons in whose names, and upon whose identification, an account is opened to ensure that the persons opening the account and to whom account was given were not imposters.

73.	Defendant CHASE's breach of this duty resulted in damages as alleged herein.

74.     Defendant CHASE's breach of its duty to Plaintiff was reckless and wanton entitling Plaintiff to punitive damages.

**WHEREFORE,** Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

DATED this, the 25th day of June, 2009.

JAMES D. PATTERSON (PATTJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
**Attorneys for Plaintiff**

**Law Offices of Earl P. Underwood**
**21 South Section St.**
**Fairhope, Alabama 36532**
**Phone:  251.990.5558**
**Fax:     251.990.0626**
**jpatterson@alalaw.com**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

James D. Patterson, Esq.

**DEFENDANTS CAN BE SERVED AT THE FOLLOWING ADDRESSES:**

JPMorgan Chase & Co.
The Corporation Trust Company
1209 Orange St.
Wilmington, DE   19801


Experian Information Solutions, LLC
PO Box 9556
Allen, TX   75013

Trans Union LLC
PO Box 2000
Chester, PA   19022-2000

Equifax Information Services LLC
PO Box 740256
Atlanta, GA   30374